Jean H. Waxenberg, Complainant, v. Ethel G. Brown et al., Defendants.
Nathan Ginsberg, Appellee, v. Ruth Ginsberg Prell, et al., Cross Defendants.

Gen. No. 9,389.

Opinion filed March 7, 1939.

JOHN K. NEWHALL and DAVID B. GIVLER, both of Aurora, for appellants.

BARNABAS F. SEARS and THOMAS P. O'MALLEY, both of Aurora, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal by the executors and trustees of the last will and testament of Rachel L. Ginsberg, deceased, from a decree of the circuit court of Kane county, Illinois, construing said will and also directing said executors and trustees to pay to appellee, as cross complainant, attorneys' fees in the sum of $1,500.

Jean H. Waxenberg, a daughter and legatee under the will of Rachel L. Ginsberg, on October 18, 1933, filed her bill to construe said will. On January 16, 1936, the complainant, Jean H. Waxenberg, filed a supplemental bill in said cause. Answers by appellants, and appellee were filed to her original and supplemental bill. On June 30, 1938, prior to the entry of the final decree, the court, on motion of Jean H. Waxenberg, dismissed her bill and supplemental bill, without prejudice to the rights of the cross complainant (Nathan C. Ginsberg), to proceed to a hearing and decree, on his cross-bill and answers thereto, of the defendants to said cross-bill.

On April 23, 1936, appellee, Nathan C. Ginsberg (cross complainant) filed his cross-bill alleging in sub-

stance that Rachel L. Ginsberg was the owner of certain real estate and personal property, consisting of two business buildings and a residence and certain securities, notes and bonds aggregating about $65,000, and that she also owned, at the time of her death, a certain department store which the deceased had conducted, and a stock of goods valued at about $15,000. He alleges that said Rachel L. Ginsberg died leaving Ethel Ginsberg Brown, Golda Ginsberg Stollmack, Ruth Ginsberg Prell, Mollie I. Ginsberg, Jean H. Ginsberg, Sidney J. Ginsberg and Nathan C. Ginsberg, as her only heirs at law; that said decedent, by her will, purported to dispose of all of her estate as set forth in said will; that there appear to be expressions in the will and codicils which are ambiguous and doubtful, rendering the intent and meaning of the same obscure and by reason thereof cross complainant files his crossbill to obtain a construction and interpretation of said will and codicils.

Paragraph 8 of said cross-bill alleges that although the residue and remainder of the decedent's estate was devised and bequeathed to the trustees upon certain trusts therein set forth, that no provision is made in said will or codicils disposing of the corpus or principal of the securities owned by the deceased at the time of her death, and that by reason thereof said securities are intestate property, to which cross complainant is entitled to his proportionate share with the other heirs at law of said decedent under the statute of descent.

Paragraph 9 alleges that the interest which appellee had in the property known as 8–10 South Broadway in Aurora, Illinois, and which he forfeited by reason of a contest of the will, became intestate property and that appellee is entitled to receive his proportionate share with the other heirs at law of said decedent under the statute of descent.

The answer of appellants to the cross-bill of appellee denied that there was any necessity for a judicial construction to ascertain and determine the true intent, meaning and purposes of said Rachel L. Ginsberg, as set for'th in her said will. The answer of appellants further alleges that the language of the will and codicils of the decedent is too plain and unambiguous to necessitate or require a judicial construction thereof and that by a reading of same the meaning, intent and plan of the testatrix is made clear; that the testatrix disposed of her entire estate whereby she created a trust of all her property, after payment of debts and payment of certain bequests and devises to her daughter Mollie I. Ginsberg; that by the language of the will and codicils her trust estate, consisting of all her property, except that used for debts and that specifically left to her daughter Mollie, is to be disposed of and divided by the trustees, as follows:

"1. The trustees are directed to sell all the trust property on or before twenty years from January 29, 1933, the date of testatrix' death.

"2. Nathan C. Ginsberg shall receive $1.00 from the assets, since he has attempted to set aside the will contrary to the plain provisions thereof.

"3. The proceeds of the trust estate, therefore, after payment of claims, costs, expenses and charges, and the sum of $1.00 to Nathan shall be distributed pro rata among all children except Nathan, charging, however, the share of Ethel Brown with the debts due testatrix by Otto A. Brown, and charging the share of Jean H. Waxenberg with an amount equal to any and all attorney's fees and other costs and expenses which testatrix. incurred in defense of the suit commenced by her against testatrix. The amount of these charges, when ascertained, to be distributed pro rata among the children other than Nathan and other than the person against whom the respective charge is made."

The answer further denied that the corpus or principal of the securities owned by the decedent at the time of her death was intestate property and denied that appellee was entitled to any part thereof under the laws of descent. The answer further alleges that the will provided for a legacy to appellee from the proceeds of the sale of the real estate known as 8–10 South Broadway, but alleged that appellee had forfeited all his rights to any of the assets of said trust estate, except the $1.00, because appellee had filed and prosecuted an unsuccessful suit to contest his mother's will.

The answer further alleges that appellee had forfeited all his rights in and to any of the property owned by the decedent and that he had no right or cause of action against appellants by reason of any of the matters and things set forth in the said cross-bill, and that his only interest in the property, was to have paid to him the sum of $1.00, which amount the said appellees were ready and willing to pay him as provided for in said will.

The trial court found that it was necessary to construe and interpret the will and codicils of decedent in order to ascertain and determine whether the decedent did dispose of all of her property and to what extent, if any, said decedent failed to dispose of any of her property and assets and to determine what property, if any, became intestate estate and to whom and in what proportion the same became and is now vested under the statute of descent of the State of Illinois.

The court decreed that as a result of appellee's unsuccessful contest of said will the cross complainant, Nathan C. Ginsberg, forfeited the one-seventh share of the proceeds that might be derived from the sale of the premises known as 8–10 South Broadway, described in the seventh clause of paragraph 3, of said will, and by reason of said contest appellee is only entitled to receive the sum of $1.00 under the provision of the fifth clause of the codicil dated February 3, 1931, and

that the one-seventh of the proceeds of the sale which Nathan C. Ginsberg would have received, goes into the general trust to be distributed by the trustees to the remaining and uncontesting children.

It was further ordered by the court in said decree that as a necessary and proper construction of said will the said testatrix did not dispose of the corpus or principal of the personalty placed in trust and that no directions are given to the trustees as to what disposition shall be made of the same nor as to who the beneficiaries are of the corpus or principal of said securities; and that as a result the corpus or principal of said personalty has become, and is intestate estate and is to be administered and paid out as such under the statute of the State of Illinois to the heirs at law of said deceased; that until such distribution, the income from the corpus of said personal property shall be distributed in accordance with the provisions made for the distribution thereof, as set forth in the last will and testament of said Rachel L. Ginsberg, deceased.

After the trial court had rendered its opinion with reference to the will construction phase of the case, appellee filed a petition alleging that he had employed attorneys to appear and assist in the construction of said will and asked to have such attorneys' fees taxed as costs against appellants. Appellants filed objections to the allowance of attorneys' fees as prayed for by appellee and objected to the payment thereof out of the estate of Rachel L. Ginsberg, or to the taxation thereof as costs as prayed for in the petition of appellee.

The court found that appellee was represented in this proceeding by attorneys Shearer, O'Malley and Sears, and that he was entitled to recover his reasonable attorneys' fees to be paid from the estate of deceased, fixed $1,500 as the sum to be paid and taxed against appellants,

Paragraph 8, of the cross-bill is as follows: "Although the third paragraph of the will provides that all the rest, residue remainder of her estate, real, personal and mixed, is devised and bequeathed to the trustees upon the trusts therein set forth, as modified by codicils, no provision is made in the will or codicils disposing of the corpus or principal of the securities, notes and bonds owned by the deceased at her death and now a part of her estate, either by express stipulation or necessary implication, and your orator avers that said securities, notes and bonds owned by the deceased, is intestate property to which he is entitled to his proportionate share, with the other heirs at law of said decedent under the Laws of Descent of the State of Illinois."

The above is the principal question presented by this appeal. The parties to this litigation do not disagree materially, as to the law relative to the case. It has frequently been stated by our Supreme Court, that one of the rules for the interpretation of wills, is that the chief object and purpose of the court, in construing a will, is to ascertain and give effect to the true intention of the testator (*Strauss v. Strauss,* 363 Ill. 442). The will must be interpreted and construed by the language used by the decedent. It is also true that in a will the law presumes that the deceased intended to dispose of all his property, and the courts will adopt any reasonable construction of his will that will sustain this theory, rather than to hold that he intended to die intestate, as to any of his property. The appellee admits this rule to be correct, but seriously insists that the personal property in the trust created by Mrs. Ginsberg, in her will, has not been devised, or bequeathed to any one, either directly, or by implication.

The first part of clause 3 of Mrs. Ginsberg's will is as follows: "All the rest, residue and remainder of my estate, real, personal and mixed, I devise and be-

queath to my three daughters, Ruth Ginsberg, Jean H. Ginsberg, and Mollie I. Ginsberg, as trustees upon the following trust.'' The will then proceeds with directions of what the trustees are to do with the property. Part is to be sold, and one-seventh interest therein of the Broadway property was to be held by the trustees to pay to Nathan Ginsberg in equal instalments. It also provides that this is exclusive, as to Nathan Ginsberg, and it is to be so construed and that he shall receive no other part, nor interest of the estate of the testatrix. Other portions of the will state how the estate shall be divided, and state specifically that Nathan Ginsberg shall not share in the distribution of these proceeds. There are several codicils to the will. It is mentioned in the first codicil, that Nathan Ginsberg shall not share in the distribution of the estate. The second codicil also states that Nathan Ginsberg shall not share in the distribution of the estate, other than as provided in the will. The last codicil to the will ratifies all that the testatrix had done in her original will, except where as modified by the codicils.

From an examination of the will and codicils, we think that it clearly shows that the testatrix intended that Nathan Ginsberg should share only in the distribution of her estate, as set forth in the third clause of her will. The question then arises, does the will express that intent with sufficient certainty, to dispose of all the personal property in her estate, or is it intestate property. One of the latest cases on the construction of wills is *Strauss v. Strauss,* 363 Ill. 442. In the Strauss will, the residuary clause is as follows: ''All the rest, residue and remainder of my property whether real, personal or mixed, after the payment of the legacies and bequests hereinbefore set out, I give, devise and bequeath in equal parts to my following named children, to-wit: E. J. Strauss, William Strauss, Benjamin Strauss, Henry Strauss, Helen

Greenebaum, Sarah Brucker and Ida Lindauer, that portion going to the said Ida Lindauer, to go to E. J. Strauss and William Strauss as trustees, or their successor or successors in trust, in accordance with clause 6 of this will. In the event that any of the above named children should die before my death or after my death, and before final distribution has been made of my estate, leaving any child or children, then such child or children shall receive its or their parent's share." The court held that the Strauss will disposed of all his property.

It will be noted that the residuary clause of Mrs. Ginsberg's will is far different from the one in the *Strauss* case. Mrs. Ginsberg clearly states what shall be done with the income from this property, but does not say what shall become of the corpus of the trust fund, nor can such intent be ascertained from the whole will. It is our conclusion that the court properly decreed that the testatrix, Rachel L. Ginsberg did not dispose of the corpus or principal of the personalty placed in the trust, and that the same is intestate property and descends to her heirs, under the statute of descent.

The appellee has assigned cross errors stating that the court erred in decreeing that the income from the corpus of the personalty placed in the trust, should be distributed in accordance with the will of the testatrix. We find no merit in this contention, as we think the original will clearly disposes of the income from this trust estate. Mrs. Ginsberg had the right to dispose of her estate, as she saw fit. The court will give effect to the provision of the will, when it is clearly expressed by the testatrix. The court did not err in decreeing that the income from this trust estate properly belonged to the legatees named in the will.

After the court had orally announced his decision, the appellee made a motion for attorneys' fees to be

fixed by the court, to be paid to the appellees out of the assets of the estate of Mrs. Ginsberg. The appellant resisted the motion and the court allowed solicitors' fee of $1,500 and reserved the right to fix further fees for Nathan Ginsberg's attorneys in event that the case was appealed.

Numerous cases have been cited, both for and against the allowance of attorneys' fees in similar cases. The law, as expressed by the Supreme Court, is *Brumsey v. Brumsey,* 351 Ill. 414, 427 is as follows: "Where a testator has expressed his intention in his will so ambiguously that it becomes necessary to prosecute a suit in chancery in order to obtain a construction of the will, the reasonable fees of the solicitors for the complainant, should be paid from the assets of his estate, but we know of no authority in this State, and have been cited to none, which would authorize the payment of solicitors' fees to a defendant or cross-complainant whom this court finds to have no present interest under the will and therefore no interest in its construction."

The attorneys for the appellee criticize the language used by the court in this case, and say the court would have followed some former decisions and affirmed the case, if these decisions had been called to the court's attention. We have no knowledge of the cases which were called to the attention of the Supreme Court, at the time this case was decided. It is the general rule that the latest expression of the Supreme Court is the law to be followed in other courts in similar cases. The language in the *Brumsey* case is plain and unambiguous, namely, that a cross complainant *who has no present interest, under the will,* cannot be allowed solicitors' fees in a suit to construe the will.

In the case of *Craw v. Craw,* 210 Ill. 246, the appellee who was one of the executors under the will, asked the court to construe the will, and that certain legatees account to the estate for certain property. In dis-

cussing the case, the court used this language: "Appellant complains that the court decreed the costs against him without providing that they should be paid by the estate or in due course of administration. He insists that the case was a proper one for the construction of the will and that the court should have decreed the costs against the estate, with the allowance of a reasonable amount for the fees of his solicitor. Where a trust is involved and the testator has expressed his intention so ambiguously as to make it doubtful and justify an application to a court of equity for a construction of the will and direction as to the execution of the trust, the costs should be borne by the estate, but in this case the bill was not filed merely for the purpose of obtaining a construction of the will and the direction of the court. It is clear that it was filed because complainant thought other children were being favored by his mother and for the purpose of getting something for himself, as an heir. We do not think the court erred in respect to the costs."

The records show that Rachel L. Ginsberg, the testatrix, died in February, or March, 1933, and her will was admitted to probate March 14, 1933; that in October, 1933, Jean Ginsberg filed a bill to construe the will, and that Nathan Ginsberg was made defendant to said bill, and filed his answer. On January 20, 1934, Nathan Ginsberg filed a bill to contest the will of his mother, Rachel L. Ginsberg. The appellant alleged that Mrs. Ginsberg, on account of unsoundness of mind and undue influence, was incompetent to make a will, and that the same should be set aside, and he should receive one-seventh of the whole estate. A decree was entered December 7, 1934, confirming the will. The case was appealed to the Supreme Court on October 24, 1935, and the Supreme Court affirmed the decree of the circuit court. Meanwhile nothing was done to construe the will, until April 23, 1936, when Nathan Ginsberg

filed his cross-bill, in which he alleged that the will of Rachel L. Ginsberg provided, that if any one contested the will, the share which was to go to him under the will, should be forfeited and that the interest should go into the general trust to be distributed to the remaining noncontesting children, and the said contesting plaintiff should receive only $1.00 out of her estate, and that by reason of his contesting the will, his share of the estate, which was given him by his mother, under the will, will be intestate property, and that he should share in the distribution of that part of it, the same as the other heirs. At the hearing of the case, the appellee announced that he was receding from that position, and was not insisting on that part of his cross-bill.

Before or at the hearing of the case, $1.00 was tendered to Nathan Ginsberg, as his distributive share under the last will and testament of his mother's estate, but he declined to accept the $1.00. The court decreed and found that he had forfeited his interest in the testate property of his mother, by filing a bill to contest her will, therefore, he was entitled to only $1.00 under the will.

Under the facts and circumstances above stated, the appellants insist that the appellee is not entitled to attorneys' fees to be paid out of the estate of Mrs. Ginsberg, because his motive in filing the cross-bill to construe the will was purely personal, and in his cross-bill, he was seeking relief in his own right, as an heir at law, and not for the benefit of the trust fund. From a review of the evidence, and the pleading in this case, it is our conclusion that the appellee has no present interest under the will, and in filing his cross-bill to construe the will, he was seeking personal gain only, as an heir at law of Rachel L. Ginsberg, deceased, and not the benefit of the trust estate. The trial court erred in allowing the appellee attorneys' fees.

That part of the decree which finds that the testatrix did not dispose of the corpus and principal of the personalty placed in the trust, and that the same should descend to the heirs of Rachel L. Ginsberg, deceased, and also that part that decrees the income from the corpus of the personalty placed in the trust, shall be distributed in accordance with the will, is hereby affirmed. That part of the decree allowing $1,500 to Nathan Ginsberg for attorneys' fees, and reserving jurisdiction of the case to allow further attorneys' fees, in the event of an appeal, is hereby reversed.

The decree is affirmed in part and is reversed in part, and remanded to the trial court.

*Affirmed in part, reversed in part and remanded.*