*In re* ESTATE OF ZELMA LOUISE BLANSETT, Deceased.—(CLYDE VASCON-CELLOS, III *et al.*, Respondents-Appellants, *v.* EVA WILSON MALCOM *et al.*, Respondents-Appellees.)

(No. 12668; )

Fourth District—May 22, 1975.

Flynn & Flynn, of Jacksonville (J. Edward Flynn, of counsel), for appellants.

Reed A. Woolley, of Beardstown, for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

On December 5, 1963, Lewis Glenn Blansett (husband) and Zelma Louise Blansett (wife) executed a joint and mutual will which provided that all property go to the survivor of the two and that if they died simultaneously the property was to go in equal shares to respondents-appellants Clyde Vasconcellos III, Jerry Joe Boice and Carron Duncan Willis who were nephews and niece of husband. No provision was made for the disposition of the property upon the death of the survivor if they did not die simultaneously.

Husband died in June, 1972, and wife died August 23, 1973. After the will was admitted to probate, respondent-appellant, Carron Duncan Willis, in her capacity as executor filed a petition in the Circuit Court of Cass County to construe the will, alleging that no provision was made in the will for the disposition of. the property upon the death of the survivor and asking for guidance. An answer, as amended, filed by respondents-appellants as individuals alleged that they had a very close relationship with wife during her lifetime and that respondents-appellees, the heirs of wife, had no such relationship. It alleged that the will contained a latent ambiguity and alternatively made a gift by implication.

Request was made for an evidentiary hearing. Upon motion of respondents-appellees, however, the petition to construe the will was dismissed and no evidentiary hearing was held. Appeal is taken from that order of dismissal by respondents-appellants who contend that if they had been permitted to present evidence in support of their amended answer, they would have proved a gift by implication to them of the estate of wife.

Both sides cite the case of *Bradshaw v. Lewis*, 54 Ill.2d 304, 296 N.E.2d 747. There, too, a husband and wife executed a joint and mutual will each leaving their entire estate to the other and making no provision for the disposition of the property upon the death of the survivor. Upon simultaneous deaths the will gave the farm, machinery and livestock to the son and the residue of the estate to the five daughters. During her lifetime, the wife gave her undivided one-half interest in the farm, which was held in joint tenancy, to the son. The husband survived and upon his death the will was admitted to probate. A suit was filed to set aside the wife's deed to her son and to partition the farm. Upon hearing, evidence was presented that the son had farmed the land, replaced a destroyed barn with his own funds and paid his mother's funeral expenses. The trial judge ruled that the will made a gift by implication to the son of the farm, machinery, and the livestock.

The supreme court affirmed a decision of the appellate court reversing the trial court and ruling that the estate passed intestate. The opinion noted that the court should ascertain the testator's intention from the will itself and that gifts by implication are given effect only in limited cases where "from the will itself no reasonable doubt of the intention can exist." (*Bradshaw*, 54 Ill.2d 304, 308, 296 N.E.2d 749, citing *Bond v. Moore*, 236 Ill. 576, 580, 86 N.E. 386, 388.) The court ruled that silence in the will as to the disposition of property upon the death of the survivor did not "give rise to an implication so strong as to leave no reasonable doubt that they intended their son to have the farm under the contingency that occurred." *Bradshaw*, 54 Ill.2d 304, 309, 296 N.E.2d 750.

Respondent-appellants rely heavily upon a portion of the opinion which stated:

> "Too, it is apparent from a study of the cases finding gifts by implication that the facts in those cases more clearly demonstrated the testator's intent than do those in the case before us, or that, absent a gift by implication, the beneficiaries would be persons whom it was evident the testator had intended to exclude. See, *e.g.*, In re D'Alessandro's Will (Sur. Ct. 1968), 55 Misc.2d 909, 286 N.Y.S.2d 914 * * *." 54 Ill.2d 304, 309, 296 N.E.2d 747, 750.

In *D'Alessandro,* as in *Bradshaw* and the instant case, a husband and wife had joint and mutual wills each leaving everything to the other, making a gift in case of simultaneous deaths and no gift upon the death of the survivor if their deaths were not simultaneous. *D'Alessandro* was more like the case under consideration than *Bradshaw* in that the gift upon simultaneous death was to nieces of the spouse who had died first and there was evidence that they had been treated almost as children by the testators, whereas the heirs were collaterals (the brother and sister) of the surviving spouse. In *Bradshaw,* the son was named executor only in the event of simultaneous death, whereas in *D'Alessandro* and the case on review one of the beneficiaries was named as executor in such manner that she would serve upon the death of the survivor. In *D'Alessandro* after hearing evidence the court found a gift by implication to the nieces.

The context in which *D'Alessandro* was mentioned in *Bradshaw,* however, was not that the ruling of *D'Alessandro* would be followed in Illinois but that the circumstances of *Bradshaw* were such that no gift would be implied in that case even if *D'Alessandro* were to be applied in this state.

Following the rules set forth in *Bradshaw,* we do not think that the terms of the will in question show beyond a reasonable doubt that testators intended that upon the death of the survivor, the estate would go to respondent-appellants. Nor would the proof of the factual allegations of the answer support such a finding. One reasonably possible alternate interpretation of the will is that testators intended that if one survived the other, they wanted that person to be free to make such testamentary disposition as would seem then desirable. We do not think that the naming of an executor to serve under those circumstances is conclusive as to donative intent as to that individual. Personal representatives are usually selected because of their likely availability and their skill and trustworthiness.

A motion to dismiss a bill to construe a will lies when the record shows that no question of construction exists. (*Binger v. Ackerman,* 15 Ill.App.2d 35, 145 N.E.2d 277.) Such is the case here. The trial court properly allowed the motion to dismiss.

The judgment appealed from is affirmed.

Affirmed.

SIMKINS, P. J., and TRAPP, J., concur.