*In re* ESTATE OF FRED REINHARD, Deceased.—(KATHERINE MURPHY, Petitioner-Appellant, *v.* NORTHWEST NATIONAL BANK, Ex'r, *et al.*, Respondents-Appellees.)

First District (4th Division)    No. 62808

Opinion filed August 11, 1976.

James M. Tourek, of Chicago, for appellant.

William H. LeVitus, of Chicago, for appellee Northwest National Bank.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a ruling of the circuit court in construing a will. The court below found ambiguity in the will, wherein the residuary clause of the will provides for equal distribution among six persons named in article 4.02, but article 4.02 of the will and codicil names 12 persons. The appellant did request of the circuit court, and does now seek, intestate distribution. The court below decreed the entire estate pass by the terms of the testator's will and codicil, and distribution of the estate be made to the 12 legatees, in shares ranging from one sixth to one forty-eighth share per legatee. The decree is the subject matter of the instant appeal.

The issue presented is whether the court erred in ordering testamentary distribution of the residue of the estate under a patently ambiguous article, even though the testator's intent could be reasonably determined.

Fred Reinhard, the testator, died leaving an estate of approximately $95,000, of which approximately $70,000 was in the personal estate. The real estate was devised by specific bequest and is not part of this suit. When the specific legacies of $16,850 and the approximate cost of administration are subtracted from the $70,000 personal estate, the remainder, or amount involved in this appeal, is $45,000.

On January 11, 1973, Fred Reinhard executed a will. Article IV, paragraph 4.02, of this will, which was admitted to probate, bequeaths all the residue of the deceased's estate to:

a. Katherine Murphy ($300)
b. Mr. and Mrs. Edward Long ($5,000)
c. Frank Higgins ($2,000)
d. Mr. and Mrs. L. Manke ($250)
e. Mrs. Milda Hammers ($300)
f. Lucille Gibbs ($7,000)

Article IV further provides that any residue remaining after the above distribution "shall be divided equally among the foregoing six persons."

Article IV, paragraph 4.02 of the codicil dated May 14, 1973, and admitted to probate, cancelled the bequest of $7,000 to Lucille Gibbs in item "f" and substituted instead:

f. Curtis Dunlap ($3500)

and added:

g. James Dunlap ($3500)
h. Reiner Reichert ($1000)
i. Mr. and Mrs. John Eichholz ($1000)

The codicil further provides "ratifying the remainder" of the will dated January 11, 1973.

A petition in supplemental proceedings was filed by Katherine Murphy alleging a patent ambiguity in article 4.02 of the will and codicil, wherein the residue is to be distributed to six persons in six portions but that eight persons are named in the first paragraph of 4.02 of the will, and 12 persons are named in both the will and the codicil. The petitioner alleged further that it was impossible to determine the intent of the testator from the language of the will and codicil, and prayed the residue be distributed to the petitioner as intestate heir.

The petitioner, Katherine Murphy, was the sister and sole heir at law of the deceased testator. Subsequent to filing the petition, Katherine Murphy died intestate, leaving as her sole heirs Norman D. Murphy and Mary C. Murphy, her children, who were substituted as petitioners instead of Katherine Murphy, deceased.

The answer of the attorney for the executor of the estate admitted that eight persons were named in the original will and a total of 12 persons were named in the will and codicil, that the residuary clause directed distribution to six persons in six portions, and admitted that a patent ambiguity existed thereby. The answer denied the impossibility of arriving at the testator's intention and alleged affirmatively that the intention of the testator can be ascertained from extrinsic evidence.

The court found the testator intended his entire estate to pass by the terms of the will and codicil. The decree ordered the residue be distributed in one-sixth portions; that three persons named individually in the will take a full one-sixth share, that two husband and wife pairs named as such in the will each share in one-sixth portions, that three persons

named individually in the codicil each have one-fourth of a one-sixth portion, that a husband and wife pair named as such in the codicil share in a one-fourth of a one-sixth portion.

The petitioner claims when a patent ambiguity exists in a will as a result of a mistake in drafting, the court may not add words to give meaning, and instead the court must construe the will in favor of the heir according to the law of intestate distribution.

■■ The problem of construing a will which includes inconsistent provisions has not escaped the scrutiny of the Illinois Supreme Court. In *Cahill v. Michael* (1942), 381 Ill. 395, 405, 45 N.E.2d 657, the court stated:

"* * * The court will prefer any construction of a will to avoid intestacy. [Citations.] The presumption against intestacy is strong where there is a residuary clause. [Citations.] * * * The courts will endeavor to reconcile inconsistent or repugnant provisions rather than to ignore or declare both of them void. [Citations.] * * *"

■■ More recently, the Illinois Supreme Court, in *Wise v. First National Bank* (1957), 10 Ill. 2d 623, 627-28, 141 N.E.2d 1, stated:

"The cardinal rule of testamentary construction is to ascertain and give effect to the testator's intention by examining the will as a whole, and if at all possible, to arrive at a construction * * * and thus prevent intestacy. [Citations.] Unless a contrary intention is clearly expressed, it will be presumed that a testator intended to dispose of all his property by will, and this presumption is so strong that any reasonable construction will be adopted to avoid an opposite result. * * * "

■■ In the instant case the court below rendered a reasonable construction of inconsistent clauses in an otherwise clear and proper will. Unquestionably, the will of Fred Reinhard is replete with his general intention that his entire estate pass by its terms.

The Illinois Supreme Court has also examined the question raised by the petitioner as to whether extrinsic evidence may be used in order to determine the intent of the testator when there exists a patent ambiguity in the will. We think dispositive of the issue is the court's holding in *Weir v. Leafgreen* (1962), 26 Ill. 2d 406, 412, 186 N.E.2d 293, where the court stated:

"We do not feel that it is necessary to decide whether or not a particular ambiguity is patent or latent and hold that, if the will, when considered as a whole and in light of the surrounding circumstances, is ambiguous, extrinsic evidence may be considered in construing it. [Citations.]"

■■ Since the will in question displayed uncontroverted proof the testator intended all of his estate to pass by its terms, and since the testator's intention could reasonably be determined by reconciling inconsistent

provisions, it was proper for the court below to distribute the residue by the court's construction of the will and codicil. We think it was correctly done.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

JOHNSON, P. J., and BURMAN, J., concur.