DANIEL M. SCHUYLER, JR., Adm'r of the Estate of Christian W. Rolff, Deceased, Plaintiff-Appellee, *v.* JAN ROLFF ZWIEP, SR., Defendant-Appellant.

First District (1st Division)    No. 61846

Opinion filed September 7, 1976.

Paul E. Plunkett, of Chicago, for appellant.

Bruce K. Roberts, of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

Plaintiff filed a petition to construe the will of Christian W. Rolff, deceased. Defendant appeals from the order of the circuit court holding that the will made no provision for the disposition of the residue of decedent's estate if he survived his sister and for that reason resulted in an intestacy.

In 1963, Christian W. Rolff and his sister, Cateau Rolff, executed a joint will. Under Section Two, each testator left his or her estate to "the survivor, his or her heirs and assigns or legal representatives." Section Three provides for distribution of the estate "in the event that our deaths should occur simultaneously, or approximately so." Section Three contains a provision under which a trustee was to be appointed to handle the distribution to four first cousins and a second cousin, who is appealing

the construction given the will by the circuit court. Section Three also provides for disposition of each share in the event that any cousin did not survive. Cateau Rolff died on May 20, 1969. Christian W. Rolff died on April 3, 1971.

The circuit court in construing the will, held the language of Section Three to be clear and unambiguous in providing for the disposition of the estate only in the event of the simultaneous deaths of Christian and Cateau Rolff. The court held that, because Cateau Rolff predeceased Christian Rolff, the latter had died intestate. The effect of this holding is to deprive the defendant (the second cousin) of any share in the estate, and to result in the distribution of the estate to numerous relatives of the decedent.

■■■ On appeal, defendant argues that the will contains a gift by implication to the persons named in Section Three. Alternatively, he contends that the will is at least sufficiently ambiguous to permit the admission of extrinsic evidence to determine the intent of the decedent.

Defendant relies on cases from States other than Illinois in which courts found a gift to persons named in a will to be implied even though the language of the will conditioned the gift on simultaneous deaths which did not take place. We find defendant's reliance on these cases misplaced because of the holdings in *Bradshaw v. Lewis* (1973), 54 Ill. 2d 304, 296 N.E.2d 747, and *In re Estate of Blansett* (1975), 28 Ill. App. 3d 552, 328 N.E.2d 593.

In both *Bradshaw* and *Blansett*, a husband and wife executed a joint will leaving everything to the survivor of them, providing for a bequest to third parties in case of simultaneous deaths of the testators, but making no provision for a bequest upon the death of the survivor if the testators' deaths were not simultaneous. In both cases, one testator survived the other. In each case it was held that the death of the survivor resulted in intestacy rather than in a gift by implication to the third parties named in the will.

Defendant's attempts to distinguish *Bradshaw* are unpersuasive. He notes that the simultaneous death provision in this case is more elaborate than in *Bradshaw*, and suggests that it is improbable that such an elaborate plan was drawn up to cover only the unlikely contingency of simultaneous death of the testators. He also notes that in this case, unlike *Bradshaw*, the property may go to relatives living in foreign countries, if the deceased is held to have died intestate. However, to view these distinctions as decisive would be to ignore the principle, emphasized in *Bradshaw*, that a gift by implication cannot be found by weighing probabilities as to the testator's intent.

In addition, *Blansett* is indistinguishable from the facts presented by this case. The court held in that case that even where the persons named

in the will had a close personal relationship with the testators (the takers by intestacy having had no such relationship), the estate would nevertheless descend by intestacy after the death of the surviving spouse.

We hold that there was no gift by implication in this case. We also hold that the circuit court acted correctly in excluding extrinsic evidence as to the testator's intent. Such evidence is admissible only to resolve an ambiguity. *Bradshaw* and *Blansett* announce the rule that in Illinois failure to provide for a contingency—even a contingency as likely as nonsimultaneous deaths of the testators—does not create any ambiguity.

We are mindful of the holdings in *Wise v. First National Bank* (1957), 10 Ill. 2d 623, 627-28, 141 N.E.2d 1; *Cahill v. Michael* (1942), 381 Ill. 395, 405, 45 N.E.2d 657; and *In re Estate of Reinhard* (1976), 41 Ill. App. 3d 102, 353 N.E.2d 307, that if at all possible courts should construe wills in a manner which will avoid intestacy. In this case, however, there is nothing in the will to justify the construction that provision was made for distribution of the residue of the estate of the deceased in the event he survived his sister rather than suffering death simultaneously with his sister. *Bradshaw* and *Blansett* are more appropriate guides to the construction of the will involved in this case than *Wise, Cahill* or *Reinhard*. We, therefore, affirm the order entered by the circuit court construing the will as one resulting in intestacy.

Order affirmed.

BURKE and O'CONNOR, JJ., concur.